By the Court.
Sarah E. Ingram was appointed guardian of the person and estate of her mother, Rachel A. Scattergood, who had been adjudged an imbecile in July, 1904. She continued in the discharge of the duties of such guardian until the death of the ward in October, 1907. Thereafter she filed in the probate court her account as such guardian, and asked for the allowance of certain items which she deemed reasonable on account of services to the ward and in the care of her property and expenses in the care of her ward and her estate. The ward had lived with her daughter as a member of her household, and some of the items charged in the account were for services and for board. Exceptions to the account having been filed by the plaintiff in error they were in part overruled, and in part sustained and the ■rulings were affirmed by the circuit court. The exceptor prosecutes error here with respect to the overruling of certain of his exceptions, for the reason that it was admitted upon the original hearing that the guardian had no express contract with her mother for such care and services and that no claim on account thereof had been presented to the personal representatives of the mother after her death.
In support of his exceptions counsel for the plaintiff in error urges as though it were applicable here, the doctrine held in many cases, including Hinkle et al., Exrs., v. Sage, 67 Ohio St., 256, that there can be no recovery on account of serv *79 ices rendered to a deceased person by one who sustained to him the relation of a member of his family, except upon proof of an actual contract. But very obviously the doctrine invoked can apply only to a claim against one who is sui juris, for it would be absurd to require a contract with one incapable of making it. It would be equally absurd to require a presentation of the claim to the administrators of the ward, since, being her personal representatives, they are concerned only with claims against her. It is for such reasons as these that as to both expenditures incurred by a guardian and compensation to be paid to him the subject is by Section 10953, General Code, left to the determination of the court settling the account. That section is complete authority for the judgment under review.

Judgment affirmed.

Davis, C. J., Spear, Shauck, Johnson and Donahue, JJ., concur.